WILL OF GOLZ.

*May 13—June 21, 1926.*

*Wills: Undue influence: Evidence: Sufficiency.*

1. On appeal from a decree upholding the will of an elderly man as against the contention of his children that the will was the result of undue influence on the part of the housekeeper of the testator, the judgment is affirmed. p. 527.
2. The fact that testator does not measure up to the approved standard in morality does not deprive him of the right to dispose of his property as he pleases so long as it is evident that the will expresses his free intent and purpose. p. 527.

APPEAL from a judgment of the county court of Marathon county: GEORGE J. LEICHT, Judge. *Affirmed.*

Proceedings to probate a will. Julius Golz made a will dated September 18, 1924, and died on the 2d day of April, 1925, aged about seventy-three years. His wife died November 5, 1923. He left two daughters, *Hedwig Sense* and *Gertrude Golz,* who are the contestants. The deceased left his estate to his two grandchildren, *Herman Sense, Jr.*

and *Elnora Sense,* subject to a life estate, worth about $50 per month, to *Augusta Petschak,* a half-sister of his deceased wife, who came to America in June, 1923, and who had made her home with the deceased and wife, and after his wife's death had acted as housekeeper for the testator. On November 14, 1923, *Mrs. Petschak* married one Maaske but did not live with him very long. It is claimed by the contestants that the testator sustained improper relations with *Mrs. Petschak* or Maaske and that she exercised undue influence upon him in the execution of the will. The county court found that the testator was of a sound, disposing mind at the time the will was made, and that it was not the result of the exercise of any undue influence but the free act of the deceased. From a judgment entered accordingly the contestants appealed.

The cause was submitted for the appellants on the brief of *F. P. Regner* of Wausau, and for the respondents on that of *A. W. Prehn,* attorney, and *F. E. Bachhuber,* guardian *ad litem,* both of Wausau.

VINJE, C. J. We feel that the legal profession will not be benefited by a detailed discussion of the facts in this case. No contest is now made as to testamentary capacity, but it is claimed *Mrs. Petschak* exerted undue influence over the testator in respect to the execution of the will and that it should be set aside on that ground. One fact stands out very clearly, and that is that after the death of Mrs. Golz a violent quarrel arose between him and his two daughters growing out of the presence of *Mrs. Petschak* as housekeeper for him. This quarrel lasted till Golz died, and, as the county judge aptly remarks, it is not necessary to decide who was in the right and who was in the wrong. He further states: "I am satisfied that a complete revelation of the life of Julius Golz covering the later years of his life has been made,"

and summarizes his views of all the testimony in these words:

"In September, 1924, while thus estranged from his children, whether through his fault, their fault, or some one else's, he decided to make a will, and on the 18th of that month, together with Richard Maaser and *Rudolph Golz,* his nephew, he called at the real-estate and abstract office of Emil E. Kretlow for that purpose. Mr. Kretlow stated that he had been there before and made arrangements for it. *Mrs. Petschak* did not accompany him. Julius Golz stated very clearly that he wanted to make provision for *Mrs. Petschak* and that he wanted his children to have nothing. Who was to be the executor of his will to carry out the terms thereof was not settled until the evening the will was drawn. Julius Golz lived until April of this year, during which time he was confined to his home very little. He associated with his friends and visited his old haunts as before. He had plenty of time and opportunity to consider the effect of his will and to change it if it did not express his wishes, but failed to do so. The document was under his control until he died. The contestants endeavor to show by their evidence that *Mrs. Petschak* had started the quarrel, or at least goaded Julius Golz on so that an estrangement resulted between him and his children, and that the purpose of this was to deprive them of any inheritance and to provide for herself instead. There can be no doubt that she had the opportunity to use undue influence, and this element I feel has been established. In his will he gives her in effect a life estate. It appears strange to me, however, that if *Mrs. Petschak* had in fact been exercising undue influence over him that she was willing to stop with merely a life estate; wouldn't she have made more substantial and absolute provisions for herself? I cannot agree with contestants that the evidence establishes the fact of undue influence by clear and satisfactory proof. The making of a will is one of the most sacred rights given to man. We are not so much concerned with who the legatees are and what they may expect to receive. The paramount consideration must be for the one who makes the will. Each one has a right to dispose of his property as he sees fit, subject only to certain restrictions to prevent abuses

Will of Golz, 190 Wis. 524.

which do not concern us in this case. He can disinherit one and he can favor another. It would be a simple matter, if sentiment alone were to govern, to say that *Mrs. Petschak* should have nothing, and that Julius Golz's two daughters should have his estate. But that would be in effect the making of a new will for him. I do not feel that the court has the right to unmake any man's will and to substitute a new one in its place, unless the one he makes is clearly not an expression of his own mind. Julius Golz was a strong-minded man all his life, and he gave expression to his likes and dislikes. He took the position that he could do with his property as he saw fit. No one could deny him that right. He wanted to provide for *Mrs. Petschak,* who was getting along in years, because she had kept his home for him and had no means whatever. He gave her what he felt was enough to keep her to the end, and he himself said what should become of the *corpus* of the estate after her death. His children he had disinherited, but he passed his property to grandchildren with whom he had no quarrel, thus giving it, as he felt, to his next nearest kin. It was his own mind which dictated the terms of the will which is offered for probate here. I am not satisfied that the exercise of undue influence has been sufficiently shown."

We agree with the trial court both upon the law and the facts. Granted that a man may not measure up to the approved standard in morality, that does not deprive him of the right to dispose of his property as he pleases, so long as it is evident that the will expresses the free intent and purpose of the testator.

*By the Court.*—Judgment affirmed.

ROSENBERRY and ESCHWEILER, JJ., dissent.